Eric E. Holm
Ben T. Sather
SATHER & HOLM, PLLC
2301 Montana Ave., Ste. 202
P.O. Box 1115
Billings, MT  59103
Phone: (406) 294-1700
Fax: (406) 794-0673
eric@satherandholm.com
ben@satherandholm.com

Bryan M. Kautz
STACEY, FUNYAK & KAUTZ
100 N. 27th St., Ste. 700
P.O. Box 1139
Billings, MT  59103
Phone: (406) 259-4545
Fax: (406) 259-4540
bkautz@staceyfunyak.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| JOSEF SIMS, | ) |
| | ) Cause No.: |
| Plaintiff, | ) |
| | ) Judge: |
| v. | ) |
| | ) |
| STILLWATER MINING COMPANY, | ) **COMPLAINT AND** |
| and JOHN DOES 1-10, | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| Defendants. | ) |
| | ) |

COMES NOW the above-named Plaintiff and for his cause of action against Defendants, states and alleges as follows:

1

## INTRODUCTION

1. This is a claim brought by Plaintiff Josef Sims against Defendants for damages he incurred and continues to incur as a result of Defendants' violation of the Family Medical Leave Act of 1993 (hereinafter "FMLA" or "the Act").

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff is an individual who at all relevant times has been a resident of Yellowstone County, Montana.

3. Upon information and belief, Defendant is a Delaware Corporation doing business in the State of Montana and operating a mine in Stillwater County, Montana.

4. Defendants John Does 1-10 are additional individuals or entities that may be liable for Plaintiff's damages in this matter.

5. This Court has subject matter jurisdiction over this civil action arising under the laws of the United States pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2).

6. This Court has personal jurisdiction over the parties in this case, as all parties are found within the State of Montana. F. R. Civ. P. 4(k); M. R. Civ. P. 4(b).

7. Venue is appropriate in this Court, as a substantial part of the events or omissions giving rise to the claim occurred within this judicial district. 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

8. Plaintiff reasserts his allegations contained in Paragraph Nos. 1-7 as if fully set forth herein.

9. At all relevant times, Plaintiff was an FMLA-eligible employee, and Defendant was an FMLA-covered employer.

10. Defendant employed Plaintiff as a miner for approximately eight years. While employed there, Plaintiff suffered from a shoulder injury and requested FMLA leave from Defendant, which it granted. Plaintiff initially used four days of FMLA leave.

11. After such leave and additional scheduled days off, Plaintiff was still experiencing symptoms from his injury and requested to take additional time off. Two levels of supervisors approved the time off. Approximately two weeks later on August 13, 2015, Defendant terminated Plaintiff's employment for using a vacation day for that time off that he did not have.

12. Defendant's acts and omissions violated the FMLA. Defendant's violations of the FMLA were not in good faith, and Defendant did not have reasonable grounds for believing that the acts or omissions were not violations.

Defendant's violations were willful, as Defendant knew or showed reckless disregard for whether its conduct was prohibited by the FMLA.

## COUNT I – FMLA INTERFERENCE

13. Plaintiff reasserts his allegations contained in Paragraph Nos. 1-12 as if fully set forth herein.

14. Plaintiff complied with all requirements and obligations imposed upon him under the FMLA.

15. Defendant violated the FMLA by refusing to comply with its requirements and denying a benefit to which Plaintiff was entitled under the Act.

16. As a direct result of Defendant's interference, Plaintiff suffered and continues to suffer damages.

17. Defendant is liable for Plaintiff's damages and losses in wages, salary, benefits, front pay, and other compensation; other actual monetary losses; interest on any determined amount; attorneys' fees and costs; liquidated damages in an amount equaling Plaintiff's actual damages; and such equitable relief as may be appropriate.

## COUNT II – FMLA RETALIATION

18. Plaintiff reasserts his allegations contained in Paragraph Nos. 1-17 as if fully set forth herein.

19. Plaintiff engaged in statutorily protected conduct by requesting and obtaining FMLA leave.

20. As a result of Plaintiff's statutorily protected conduct, he suffered one or more adverse employment actions, namely termination of employment.

21. As a direct result of Defendant's retaliation, Plaintiff suffered and continues to suffer damages.

22. Defendant is liable for Plaintiff's damages and loss in wages, salary, benefits, front pay, and other compensation; other actual monetary losses; interest on any determined amount; attorneys' fees and costs; liquidated damages in an amount equaling Plaintiff's actual damages; and such equitable relief as may be appropriate.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Statutory damages for lost wages, salary, benefits, front pay, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C. § 2617(a)(1)(A);

B. Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

C. Such equitable relief as may be appropriate, pursuant to 29 U.S.C. § 2617(a)(1)(B);

D.    Attorneys' fees, expert witness fees, and costs of this action, pursuant to 29 U.S.C. § 2617(a)(3); and

E.    Such other relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED this 11th day of August, 2017.

By:  /s/ Eric E. Holm
Eric E. Holm
SATHER & HOLM, PLLC
2301 Montana Ave., Ste. 202
P.O. Box 1115
Billings, MT  59103
Phone: (406) 294-1700
Fax: (406) 794-0673
eric@satherandholm.com

*Attorneys for Plaintiff*

6