IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JOSEF SIMS,<br><br>     Plaintiff,<br><br>vs.<br><br>STILLWATER MINING COMPANY,<br><br>     Defendant. | CV 17-109-BLG-TJC<br><br>**ORDER** |

Plaintiff Josef Sims brings this action under 29 U.S.C. § 2615(a) against Stillwater Mining Company ("Stillwater"), alleging Stillwater violated his rights under the Family Medical Leave Act ("FMLA"). Pending is Stillwater's Motion for Summary Judgment. (Doc. 24.) As discussed below, Stillwater's motion is DENIED.

**I. Background**

Stillwater owns and operates the East Boulder Mine near McLeod, Montana. Stillwater employed Sims as an operator from 2007 until August 13, 2015. (Doc. 29 at ¶¶ 1, 49.) On August 13, 2015, Stillwater terminated Sims' employment based on an allegedly unexcused absence. *Id.* at ¶ 3.

Sims suffered from joint problems and pain in his right shoulder. On July 20, 2015, his doctor gave him a cortisone shot for his symptoms, and the following

1

day he experienced an adverse reaction. *Id.* at ¶¶ 6-7. The complication did not immediately cause Sims to miss work, but by July 23, 2015 Sims realized he would not be able to work his next scheduled shift on July 24. *Id.* at ¶¶ 8-10. Sims contacted Stillwater's human resources department to request FMLA leave, and the human resources department provided him with the necessary FMLA paperwork. *Id.* at ¶ 11. Sims' doctor also faxed Stillwater a FMLA "Certification of Healthcare Provider," indicating Sims had a serious health condition that would require him to be absent from work from July 20th until August 1st. *Id.* at ¶ 13.

Sims returned to work on August 1, 2015 but planned to request additional time off from August 2nd through 4th using his vacation time. *Id.* at ¶ 17. Nevertheless, Sims ended up working August 2nd and 3rd. During his August 3rd shift, however, he spoke to his supervisor about the need for additional time off due to his shoulder injury, and he submitted a vacation request form for August 4th. *Id.* at ¶ 19. Sims included a comment on the request form stating, "for Doctor Apt Regarding FMLA follow up." *Id.* at ¶ 20.

Sims thought he had vacation days remaining when he submitted his leave request form for August 4th, and his supervisors approved his requested leave. *Id.* at ¶¶ 39, 40. Stillwater later took the position, however, that Sims did not have any vacation days remaining. Therefore, on August 12, 2019, Sims' supervisor, a union representative, and Stillwater's human resources representative met with

2

Sims to determine the circumstances of his August 4th absence. *Id.* at ¶¶ 42, 45. After discussing Sims' absence, Stillwater concluded Sims violated the terms of his Collective Bargaining Agreement ("CBA") with the company by using a vacation day he did not have and terminated his employment. *Id.* at ¶¶ 46-49.

After his termination, Sims returned to his doctor's office to determine whether his shoulder injury could be work-related. *Id.* at ¶ 50. Either his doctor or a nurse revised the FMLA certification originally faxed to Stillwater to indicate that Sims' injury prevented him from working through August 4, 2015, rather than August 1, 2015. *Id.* at ¶ 54. Sims' doctor also provided him with a notice indicating Sims was off work on August 4, 2015 due to "shoulder pain, Extended FMLA." *Id.* at ¶ 55. Sims thereafter submitted the revised FMLA paperwork to Stillwater as part of his grievance of his termination. *Id.* at ¶ 58. His grievance was not successful.

Sims alleges in Count I of his Complaint that Stillwater denied and interfered with his FMLA rights, and in Count II that Stillwater retaliated against him for the exercise of those rights. (*See generally* Doc. 1). Sims claims the interference and retaliation resulted in his termination, which caused him to suffer damages, including: (1) loss of wages and benefits; (2) liquidated damages; and (3) attorneys' fees and costs. *Id.* at ¶ 20-22. Sims also seeks equitable relief as may be appropriate. *Id.* at ¶ 22.

## II. Parties' Arguments

Stillwater moves for summary judgment on both counts of the complaint. (Doc. 24.) First, Stillwater argues Sims' interference claim fails as a matter of law because FMLA protections are not triggered by merely referencing a potentially qualifying reason for taking a day off. Specifically, Stillwater maintains Sims affirmatively elected to take vacation rather than FMLA leave, and therefore Stillwater acted appropriately by treating August 4, 2015 as a vacation day. (Doc. 27 at 6-7.)

Stillwater also contends it is entitled to summary judgment on Sims' FMLA retaliation claim. As to this claim, Stillwater argues Sims' allegation that he was wrongfully terminated because of his use of FMLA leave constitutes an interference claim rather than a retaliation claim. Retaliation under FMLA, Stillwater contends, is implicated only if an employee is punished for opposing an unlawful practice of his employer. In the absence of any such allegation by Sims, Stillwater claims it is entitled to summary judgment. *Id.* at 7.

In response, Sims argues genuine issues of material fact preclude summary judgment. Specifically, Sims argues it is disputed whether the verbal and written notice he provided to Stillwater regarding his medical condition and need for leave constituted sufficient notice of his intent to take FMLA leave. Additionally, Sims

argues the Court should consider his retaliation claim as an interference claim rather than grant Stillwater summary judgment. (Doc. 28 at 6.)

In reply, Stillwater argues it is irrelevant whether Stillwater should have known Sims' absence was potentially FMLA-qualifying because Stillwater had previously provided Sims with the required "FMLA paperwork" for his July 24th through July 27th absences concerning the same injury. Stillwater therefore contends it was not required to re-issue any additional FMLA eligibility notice. (Doc. 30 at 2.)

Stillwater also asserts the only pertinent question is whether Sims gave it sufficient notice of his intent to take FMLA leave. Stillwater maintains Sims notice was insufficient because he affirmatively declined to use FMLA leave. Finally, Stillwater argues that even if the Court considers Sims' retaliation claim as an interference claim, it is still entitled to summary judgment. It insists no reasonable jury could find Stillwater terminated Sims for trying to use FMLA leave, because it is undisputed Sims sought a vacation day rather than FMLA leave. *Id.* at 2-3.

## III. Legal Standard

A court will grant summary judgment if the movant can show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect

5

the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable fact-finder to return a verdict for the nonmoving party. *Id.*

The moving party has the initial burden to submit evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets its initial responsibility, the burden shifts to the nonmoving party to establish a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**IV. Discussion**

FMLA provides job security to employees who need to be absent from work to care for sick family members, new babies, or because of their own illnesses. *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1119 (9th Cir. 2001) (citing 29 U.S.C. § 2612). Employees have two substantive rights under FMLA: 1) the right to use a certain amount of leave for protected reasons; and 2) the right to return to a job or equivalent job after using protected leave. *Id.* at 1122 (citing 29 U.S.C. §§ 2612(a), 2614(a)).

An FMLA violation occurs when an employer interferes with an employee's attempt to exercise his or her FMLA rights, or when an employer retaliates or discriminates against an employee for opposing any practice made unlawful under FMLA. 29 U.S.C. § 2615; *Bachelder*, 259 F.3d at 1124. A plaintiff can therefore

assert a FMLA claim under an interference or retaliation theory. Here, Sims asserts claims under each theory.

### A. Count I – Interference

In order to establish a claim for interference under the FMLA, a plaintiff must show the following: (1) he is an eligible employee; (2) his employer is covered under the FMLA; (3) he was entitled to take leave; (4) he gave notice of his intention to take leave; and (5) the defendant denied him the benefits to which he was entitled under the FMLA. *Sanders v. Newport*, 657 F.3d 772, 778 (9th Cir. 2011). Sims and Stillwater dispute elements four and five.

Stillwater argues Sims' reference to his shoulder injury and the FMLA when requesting leave on August 4, 2015 was insufficient notice of his desire to take FMLA leave and therefore did not trigger FMLA obligations. Stillwater further argues that because Sims affirmatively elected to take a vacation day rather than FMLA leave, it was under no obligation to treat the leave as FMLA protected.

It is well-settled that an employer is responsible for determining when FMLA leave is appropriate. *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1134 (9th Cir. 2003). The employer must inquire into specific facts to make that determination and inform the employee of their entitlements. *Id*. at 1134. The employer "should inquire further of the employee if it is necessary to have more information about whether FMLA leave is being sought by the employee, and to

obtain the necessary details of the leave to be taken." 29 C.F.R. § 825.302(c). *See also Bachelder*, 259 F.3d at 1130-31 (employer could have inquired further to determine whether absences were likely to qualify for FMLA protection following two doctor's notes regarding employee's absences). "An employer's good faith or lack of knowledge that its conduct violates FMLA does not protect it from liability." *Id*. 259 F.3d at 1130.

Employees "need not expressly assert rights under the FMLA or even mention the FMLA." 29 C.F.R. 825.302(c). Employees must only state that leave is needed. *Xin Liu*, 347 F.3d at 1134. Nevertheless, an employee who references a qualified FMLA reason for leave does not necessarily trigger FMLA protections, especially when the employee has no desire to take FMLA leave. *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1244 (9th Cir. 2014). Moreover, an employee can affirmatively decline FMLA leave, even if the underlying reason for leave would be protected under FMLA. "Holding that simply referencing an FMLA-qualifying reason triggers FMLA protections would place employers [] in an untenable situation if the employee's stated desire is *not* to take FMLA leave. The employer could find itself open to liability for forcing FMLA leave on the unwilling employee." *Id*. (emphasis in original).

Stillwater relies heavily on the *Escriba* decision. In that case, Escriba requested leave from her employer, Foster Farms, to care for her sick father in

Guatemala. Escriba notified her supervisor, Mendoza, that she wanted vacation time.[1] *Id.* at 1240. Escriba's supervisor then gave her a written confirmation detailing the leave request. *Id.* At that time, Escriba claimed she requested additional unpaid leave, but Mendoza denied the additional leave. Two days later, however, Mendoza and another supervisor asked Escriba if she needed more time to care for her father; Escriba twice replied that she did not need additional time. *Id.* After traveling to Guatemala, however, Escriba decided that she would not be able to return to work after two weeks as scheduled. *Id.* at 1241. Nevertheless, Escriba failed to speak with anyone about extending her leave until sixteen days after she was scheduled to return to work. *Id.* Escriba was terminated under a "three-day no-show, no-call" rule. *Id.*

Both parties moved for summary judgment on the issue of whether Escriba effectively requested FMLA leave. *Id.* at 239. The district court denied summary judgment, finding disputed issues of fact. *Id.* A jury subsequently returned a verdict in favor of Foster Farms. *Id.*

---

[1] Foster Farms required employees to first exhaust paid vacation time when they requested FMLA-protected leave. *Id*. at 1241. Under this policy, vacation time and FMLA leave would run concurrently, counting against the balance of both forms of leave. *Id.* Therefore, an employee could request vacation time, even if the leave could be taken under the FMLA, to preserve the balance of all available FMLA time. *Id.* at 42. Foster Farms did not force employees to take FMLA leave if they specifically requested vacation time. *Id.* at 41.

On appeal, the Ninth Circuit concluded that, viewing the evidence in the light most favorable to the jury's verdict, there was sufficient evidence to support the verdict. *Id.* at 1245. The court pointed out that Escriba was twice asked if she needed more time in Guatemala, and twice answered no. *Id.* The court found the jury could have reasonably concluded that the employer thus satisfied the requirements of 29 C.F.R. § 825.302c, and "inquire[d] further of the employee . . . about whether FMLA leave [was] being sought." *Id.* The court also found that the jury could have reasonably concluded that "Escriba's two 'no' responses clearly indicated that she did not intend to take FMLA leave." *Id.* Thus, Escriba affirmatively declined to use FMLA, even though the underlying reason for the leave was covered by FMLA. *Id.* at 1244.

In this case, however, a jury could reasonably conclude that Sims' actions did not constitute such a clear declination of his rights. It is undisputed that Sims told his supervisor he was seeking time off due to his shoulder injury and indicated on his leave request form that his time off was "regarding FMLA follow up." (Doc. 29 at ¶ 20.) Sims submits he sought vacation time simply because he thought it was available to him, and it was an easier process than taking FMLA leave. Unlike *Escriba*, Sims' supervisor did not inquire further to determine whether he was requested FMLA leave.

Under FMLA's notice requirements, all Sims was required to convey to Stillwater was "the qualifying reason for the leave *or* the need for FMLA leave." 29 C.F.R. § 825.302(c) (emphasis added). Further, an employee's request for paid leave does not "foreclose[] the inference that [he] might be interested in FMLA leave." *Price v. City of Fort Wayne*, 117 F.3d 1022, 1026 (7th Cir. 1997). Additionally, when Sims told his supervisor the reason for his leave, it became his supervisor's duty to determine whether Sims' request qualified as FMLA protected leave. *Xin Liu*, 347 F.3d at 1134.

Just has in *Escriba*, the question of whether Sims effectively gave notice of his intention to take leave covered by FMLA is a question of fact for the jury. See also, *Phillips v. Mathews,* 547 F.3d 905, 909 (8th Cir. 2008) ("Whether an employee gave sufficient information to put his or her employer on notice that an absence may be covered by the FMLA is a question of fact for the jury.") Contrary to Stillwater's argument, the facts do not undisputedly establish Sims "affirmatively declined" FMLA leave.

In its reply, Stillwater also argues it was not required to re-issue Sims notice of his FMLA eligibility. While this may be true,[2] Sims is not merely claiming

---

[2] Under the FMLA, an employer is required to provide employees with notice of their FMLA eligibility "at the commencement of the first instance of leave for each FMLA-qualifying reason in the applicable 12-month period." 29 C.F.R. § 825.300(b)(1).

11

Stillwater failed to provide him a renewed notice of eligibility. Rather, he asserts Stillwater failed to inquire further about whether it was "necessary to have more information about whether FMLA [was] being sought," and failed to "obtain the necessary details of the leave to be taken." 29 C.F.R. § 825.302(c).

It is therefore disputed whether Sims provided sufficient notice to Stillwater, and whether Stillwater fulfilled its duty to determine if FMLA leave was sought. Under these facts, a jury could reasonably conclude Sims provided adequate notice of his need for FMLA leave, and Stillwater failed to determine whether that leave was being sought. Summary judgment is, therefore, not appropriate as to Count 1 of Sims' Complaint.

### B. Count II – Retaliation

Stillwater also contends it is entitled to summary judgment on Sims' claim that Stillwater impermissibly considered his use of FMLA as a factor in his termination. Stillwater argues summary judgment is appropriate because Sims incorrectly pled this claim under a retaliation theory, rather than under an interference theory. (Doc. 27 at 28-29.)

As previously discussed, the FMLA sets forth two types of claims, one for interference with FMLA rights (29 U.S.C. § 2615(a)(1)), and the other for retaliation for opposing practices that violate the FMLA (29 U.S.C. § 2615(a)(2) and (b)). This Court has previously noted that these claims are often confused.

12

*See Craft v. Burris*, 2017 WL 4891520, at *3 (D. Mont. Oct. 30, 2017). In *Craft*, this Court explained, "[t]he Ninth Circuit has clarified . . . that a claim alleging that an employer has taken adverse action against an employee for the employee's exercise of his FMLA rights is properly classified as an interference claim under 29 U.S.C. § 2615(a)(1) and not as a retaliation claim under 29 U.S.C. § 2615(a)(2) or (b)." *Id.* (citing *Bachelder*, 259 F.3d at 1124). A retaliation claim is one "where an employee is punished for *opposing* unlawful practices by the employer." *Xin Liu*, 347 F.3d at 1136 (emphasis in original).

Here, Sims claims he was terminated because he requested and obtained FMLA leave. He sets forth no allegation that Stillwater punished him for opposing unlawful practices. Although pled as a retaliation claim, Sims' claim falls within the purview of interference under 29 U.S.C. § 2615(a)(1). Sims concedes as much but argues the Court should consider his second cause of action as an interference claim rather than grant Stillwater summary judgment. (Doc. 28 at 24.)

In support of his request, Sims points to *Xin Liu* where the Ninth Circuit analyzed the plaintiff's "misidentified" retaliation claim as an interference claim in reviewing the lower court's grant of summary judgment. *Xin Liu*, 347 F.3d at 1134 n. 8. *See also Sutton v. Derosia*, 2012 WL 4863788, n. 9 (E.D. Cal. Oct. 12, 2012) ("the fact that plaintiff mislabels her claim is of no import"). Given the Ninth Circuit's recognition that interference claims are often misclassified as retaliation

13

claims, the Court will follow the Ninth Circuit's lead and consider Count II of Sims' complaint as an interference claim.

Summary judgment will be denied if "there is a triable issue of material fact as to whether the FMLA leave taken by [Sims] was impermissibly considered as a factor in [his] termination." *Xin Liu*, 347 F.3d at 1136. Stillwater argues Sims was terminated because he violated the CBA by using a vacation day he did not have. Sims counters that the day in question should have been treated as FMLA leave, and therefore the only factor Stillwater allegedly considered in Sims' termination was his use of FMLA leave. Sims also points to the August 12, 2015 meeting just prior to his termination, where he alleges Stillwater negatively commented that he was using FMLA leave "a lot." (Doc. 29 at ¶¶ 49, 64; Doc. 28 at 25.)

A dispute of material fact therefore exists as to whether Stillwater considered Sims' FMLA leave as a factor in its decision to terminate him. This determination may turn on whether Sims provided adequate notice of his intent to use FMLA to Stillwater; if a jury determines Sims provided sufficient notice, the jury could also determine Stillwater impermissibly considered Sims' attempt to use FMLA leave as a negative factor in his termination. Regardless, it is for a jury to decide whether Stillwater's actions amount to interference with Sims' FMLA rights.

The Court therefore concludes summary judgment is improper because there are disputed issues of material fact as to whether Sims provided sufficient notice of his intent to take FMLA leave; whether Stillwater took appropriate action to determine if Sims' leave was FMLA qualified; and whether Stillwater considered Sims' FMLA leave as a negative factor in his termination.

**V.     Conclusion**

For the foregoing reasons, **IT IS ORDERED** that Stillwater's Motion for Summary Judgment (Doc. 24) is **DENIED**.

DATED this 30th day of August, 2019.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge